UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

DAVID ROBINSON,

                           Plaintiff,                        **COMPLAINT**

   -against-

                                                       PLAINTIFF DEMANDS
THE CITY OF NEW YORK, POLICE OFFICER       TRIAL BY JURY
TERRENCE HOWARD, Shield # 10504, POLICE
OFFICER MICHAEL SCHIAFFO, Shield # 11234,
SGT. DAVID LEONARDI, Shield # 4982,
POLICE OFFICER JOHN/JANE DOE(S) #s 1-10,

                          Defendants.

_____X

Plaintiff DAVID ROBINSON, for his complaint, by his attorney DAVID A. ZELMAN, ESQ.,

and upon information and belief respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff DAVID ROBINSON (hereinafter

    "ROBINSON") seeks damages to redress the deprivation, under color of state law, of

    rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United

    States Constitution.  On or about November 4, 2014, Defendants acted negligently and

    used excessive force against ROBINSON. As a result of the negligence and excessive

    force used by Defendants, Plaintiff suffered physical and mental injuries.

## II. PARTIES

2.    Plaintiff at all times relevant hereto resided in Brooklyn, NY.

3.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,

    incorporated pursuant to the laws of the State of New York, which operates the New

York City Police Department (hereinafter "NYPD"), and as such is the public employer
of the Defendant officers herein.

4.     Defendant POLICE OFFICER TERRENCE HOWARD, Shield #10504 (hereinafter
"HOWARD" or "Defendant") was a NYPD police officer, and at all times relevant
hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and
within the scope of their employment.  HOWARD is sued in his official and individual
capacity.

5.     Defendant POLICE OFFICER MICHAEL SCHIAFFO, Shield # 11234 (hereinafter
"SCHIAFFO" or "Defendant") was a NYPD police officer, and at all times relevant
hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and
within the scope of their employment.  SCHIAFFO is sued in his official and individual
capacity.

6.     Defendant SGT. DAVID LEONARDI, Shield # 4982, (hereinafter "LEONARDI" or
"Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that
capacity as agent, servant, and/or employee of Defendant CITY and within the scope of
their employment.  LEONARDI is sued in his official and individual capacity.

7.     Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were
NYPD police officers, and at all relevant times hereto, acted in that capacity as agents,
servants, and/or employees of Defendant CITY and within the scope of his employment.
DOE(S) are sued in his official and individual capacity.

8.     At all relevant times hereto, Defendants were acting under the color of state and local
law. Defendants are sued in their individual and official capacities. At all relevant times
hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD

2

and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### III. FACTS

9.   On or about November 4, 2014, at approximately 6:30 p.m., ROBINSON was intentionally and/or negligently struck by a New York City Police Department (hereinafter "NYPD") vehicle on Marcy Avenue at or near its intersection with Lexington Avenue in Brooklyn, NY.  At the time, defendant officers were pursuing ROBINSON.

10.   Upon information and belief, the NYPD vehicle was driven by either HOWARD, SCHIAFFO or LEONARDI.

11.   ROBINSON was arrested by defendant officers and transported to the 79th Precinct.

12.   ROBINSON was transported via ambulance to Woodhull Medical Center and was treated for injuries sustained in the incident.

13.   Upon information and belief, Defendant officers intentionally refused to take an accident report of the incident as required by the NY CLS Veh & Tr § 600 rules and regulations, and/or other provisions of either state or city law.

14.   ROBINSON was charged with PL 221.20, Criminal Possession of Marihuana in the Third Degree; PL 221.15, Criminal Possession of Marihuana in the Fourth Degree; PL 221.40, Criminal Sale of Marihuana in the Fourth Degree; 2 counts of PL 221.10(1) Criminal Possession of Marihuana in the Fifth Degree; PL 221.05.

15.   From the date of incident, ROBINSON was in custody and/or incarcerated until November 5, 2015.

16.   ROBINSON received extensive treatment for his injuries while in custody.

17.   By reason of Defendants' failure/refusal to create required forms such as a Department of Motor Vehicles accident report of the incident, ROBINSON was deprived of No-Fault benefits, an opportunity to claim lost wages and an opportunity to claim expenses due to the accident.

18.   On the 30th day of December, 2015, ROBINSON's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notices were filed within ninety (90) days after ROBINSON's release from incarceration and set forth the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19.   That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

IV. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

20.   Paragraphs 1 through 19 are hereby realleged and incorporated by reference herein.

21.   That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

22.   That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

23.   That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

24.   That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

4

25.   That Defendant CITY, through its officers, agents, and employees, unlawfully subjected
      Plaintiff to excessive force while effectuating his arrest.

26.   That Defendant's actions were grossly disproportionate to the need for action and were
      unreasonable under the circumstances.

27.   That by reason of Defendants acts and omissions, acting under color of state law and
      within the scope of his authority, in gross and wanton disregard of Plaintiff's rights,
      subjected Plaintiff to excessive force while effectuating his arrest, in violation of his
      rights pursuant to the Fourth and Fourteenth Amendments of the United States
      Constitution.

28.   That Defendants had the opportunity to intervene, and failed to do so, to prevent
      violations of Plaintiff's civil rights, including but not limited to the right to be free from
      the application of excessive force.

29.   That upon information and belief, in 2014, Defendants and CITY had a policy or routine
      practice of using excessive force when effectuating arrests.  Plaintiff specifically alleges
      causes of action pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658.

30.   That upon information and belief, it was the policy and/or custom of defendant CITY to
      inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and
      employees, thereby failing to adequately discourage further constitutional violations on
      the part of their officers, staff, agents and employees.

31.   That as a result of the above described policies and customs, the officers, staff, agents and
      employees of defendant CITY, believed that their actions would not be properly
      monitored by supervisory officers and that misconduct would not be investigated or
      sanctioned, but would be tolerated.

32. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

33. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

V. SECOND CAUSE OF ACTION
Pursuant to State Law (NEGLIGENCE)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That Defendants were reckless, careless, and indifferent to Plaintiff's physical well-being.

36. That Defendants had a duty to exercise reasonable care when attempting to apprehend Plaintiff.

37. Plaintiff was seriously injured by reason of Defendants' negligence.

38. That Defendants breached their duty to Plaintiff when Defendants failed to exercise reasonable care to secure the safety of Plaintiff while in Defendants' charge, or when Defendants discontinued their aid or protection of Plaintiff and left Plaintiff in a worse position than when Defendants took charge of him.

39. That by the actions described above, defendants jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.

40. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41.   As a result of the foregoing, Plaintiff was deprived of his liberty, experienced injury, pain

and suffering, psychological and emotional injury, great humiliation, costs and expenses,

and was otherwise damaged and injured. All of said injuries may be permanent.

VI. THIRD CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

42.   Paragraphs 1 through 41 are hereby realleged and incorporated by reference herein.

43.   That Defendants were acting in furtherance of the duties owed to their employer,

defendant CITY.

44.   That at all times Defendants were acting within the scope of their employment.

45.   That Defendant CITY was able to exercise control over Defendants' activities.

46.   That Defendant CITY is liable for Defendants actions under the doctrine of respondeat

superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,

and other psychological injuries. All of said injuries may be permanent.

VII. FOURTH CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

47.   Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48.   That Defendants failed to intervene when Defendants knew or should have known that

Plaintiff's constitutional rights were being violated.

49.   That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose

constitutional rights were being violated in their presence.

50.   That a reasonable person in the Defendants' position would know that Plaintiff's

constitutional rights were being violated.

51.    That by reason of Defendants' acts and omissions, Defendants, acting under the color of

state law and within the scope of their authority, in gross and wanton disregard of

Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect

him from Defendants' violation of Plaintiff's civil rights pursuant to the Fourteenth

Amendment of the United States Constitution.

52.    That upon information and belief, Defendants had a policy and /or custom of failing to

intervene to protect citizens from excessive force by police officers. Thus, as a result of

the above described policies and customs, Plaintiff was not protected from Defendants'

unconstitutional actions.  Plaintiff specifically alleges causes of action pursuant to *Monell*

*v. Dep't of Soc. Servs.*, 436 U.S. 658.

53.    That upon information and belief it was the policy and/or custom of defendant CITY to

inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

and employees, thereby failing to adequately discourage further constitutional violations

on the part of their officers, staff, agents, and employees.

54.    That as a result of the above described policies and customs, defendant CITY, its staff,

agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

55.    That the above described policies and customs demonstrate a deliberate indifference on

the part of the policymakers of defendant CITY to the constitutional rights of detainees

and were the cause of the violations of Plaintiff's rights alleged herein.

56.    That in so acting, defendant CITY abused its power and authority as policymaker of the

NYPD under the color of State and/or local law.

8

57.   That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.   Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.   Awarding Plaintiff interest from November 4, 2014;

4.   Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5.   Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       February 2, 2016

LAW OFFICE OF DAVID A. ZELMAN

David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072